UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KELLY HESLOP, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>FORD MOTOR COMPANY, et al.,<br><br>    Defendants. | Case No. 19-CV-01422-LHK<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND**<br><br>Re: Dkt. No. 13 |

Plaintiffs Kelly Heslop and Garin Heslop (collectively, "Plaintiffs") bring this lawsuit against Defendants Ford Motor Company ("Ford") and Lake Elsinore Ford ("Lake Elsinore") (collectively, "Defendants") for claims arising from Ford's sale of an allegedly defective vehicle. Before the Court is Plaintiffs' motion to remand. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS Plaintiffs' motion to remand.

## I. BACKGROUND

### A. Factual Background

Plaintiffs are residents of Riverside County, California. ECF No. 1-1, Ex. B ("Compl."), at ¶ 2. Defendant Ford (also referred to in the Complaint as FMC) is a Delaware corporation operating in California that designs, manufactures, and sells automobiles. *Id.* at ¶ 4. Defendant

1

Lake Elsinore sells, services, and repairs automobiles in Riverside County, California. *Id.* at ¶ 5.

Plaintiffs allege that on or about October 24, 2012, Plaintiffs purchased from Defendant Lake Elsinore a 2013 Ford F-150 ("Vehicle") "manufactured and or distributed by Defendant FMC." *Id.* at ¶ 8. When Plaintiffs purchased the Vehicle, Defendant Ford provided Plaintiffs with express written warranties including a "3 year/36,000 mile express bumper to bumper warranty [and] a 5 year/60,000 mile powertrain warranty which, inter alia, covers the engine and transmission." *Id.* at ¶ 9.

Those warranties provided that if "a defect developed with the Vehicle during the warranty period, Plaintiffs could deliver the Vehicle for repair services to Defendant's representative and the Vehicle would be repaired." *Id.* Plaintiffs allege that during the warranty period, the Vehicle developed defects related to the Vehicle's navigation system, Bluetooth, transmission, brakes, check engine light, steering system, air conditioning, and many other components of the Vehicle. *Id.* at ¶ 10. However, "Defendant and its representatives in this state have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of opportunities." *Id.* at ¶ 11. Plaintiffs allege that when Plaintiffs presented the Vehicle to Defendant Ford's representative, "Defendant and its representative failed to commence the service or repairs within a reasonable time and failed to service or repair the Vehicle so as to conform to the applicable warranties within 30 days." *Id.* at ¶ 18.

As to Defendant Lake Elsinore, Plaintiffs allege that "the sale of the Vehicle was accompanied by Defendant's implied warranty of merchantability." *Id.* at ¶ 30. Plaintiffs allege that both Defendants have breached the implied warranty. *Id.* ¶ 33.

**B. Procedural History**

On February 6, 2019, Plaintiffs filed their complaint against Defendants in California Superior Court for the County of Santa Clara. Compl. at 1. On February 15, 2019, Plaintiffs served their complaint on Defendants. ECF No. 1 at 2.

Plaintiffs' complaint includes six causes of action: (1) violation of California Civil Code § 1793.2(d) against Defendant Ford, Compl. at ¶¶ 8–16; (2) violation of California Civil Code §

1793.2(b) against Defendant Ford, *id.* at ¶¶ 17–21; (3) violation of California Civil Code § 1793.2(a)(3) against Defendant Ford, *id.* at ¶¶ 22–24; (4) breach of express written warranty in violation of California Civil Code §§ 1791.2(a), 1794 against Defendant Ford, *id.* at ¶¶ 25–28; (5) breach of the implied warranty of merchantability in violation of California Civil Code §§ 1791.1, 1794 against both Defendants, *id.* at ¶¶ 29–33; and (6) fraud by omission against Defendant Ford. *Id.* at ¶¶ 34–46.

Plaintiffs allege that any applicable statutes of limitation are subject to "equitable tolling, class action tolling (e.g. *American Pipe* rule), the discovery rule, fraudulent concealment rule, equitable estoppel, equitable tolling and/or repair rule." *Id.* at ¶ 7.

On March 18, 2019, Defendants removed Plaintiffs' complaint to federal court. ECF No. 1. Defendants' notice of removal states that the Court has diversity jurisdiction over Plaintiffs' complaint. *Id.* at 3. Although Plaintiffs and Defendant Lake Elsinore are all citizens of California, Defendants state that Plaintiffs fraudulently joined Defendant Lake Elsinore, such that diversity jurisdiction is not defeated. *Id.* at 7–9.

On April 17, 2019, Plaintiffs filed the instant motion to remand. ECF No. 13 ("Mot."). On May 1, 2019, Defendants filed their opposition, ECF No. 15 ("Opp."), and on February 1, 2019, Plaintiffs filed their reply. ECF No. 16 ("Reply").

## II. LEGAL STANDARD

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c).

The party seeking removal bears the burden of establishing federal jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor

3
Case No. 19-CV-01422-LHK
ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

For federal subject matter jurisdiction to exist, a case must either involve diversity of citizenship between the parties or involve a claim arising under federal law. *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 n.2 (9th Cir. 2002). For the Court to have federal question jurisdiction, the complaint must arise under federal law. 28 U.S.C. § 1331. Generally speaking, "[a] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989). Under 28 U.S.C. § 1332(a)(1), federal courts have diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332. The statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

### III. DISCUSSION

Plaintiffs' motion to remand argues that the Court lacks subject matter jurisdiction over Plaintiffs' complaint because both Plaintiffs and Defendant Lake Elsinore are citizens of California. Mot. at 3. Defendants argue that the Court has diversity jurisdiction because Plaintiffs fraudulently joined Defendant Lithia. Opp. at 3. For the reasons explained below, the Court agrees with Plaintiffs.

For the Court to have diversity jurisdiction, complete diversity of parties is required: "[I]n a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006) (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)). However, fraudulently joined defendants who destroy diversity do not defeat removal. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

As this Court has previously explained, "[t]here is a 'general presumption against

4
Case No. 19-CV-01422-LHK
ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

fraudulent joinder' and the defendant's burden of demonstrating that a joinder is fraudulent is a 'heavy' one." *Beutel v. Wells Fargo Bank N.A.*, 2018 WL 3084660, at *2 (N.D. Cal. June 22, 2018) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)). Joinder is fraudulent only when it is "obvious according to the settled rules of the state that [a plaintiff] has failed to state a claim against [a joined defendant]." *Hunter*, 582 F.3d at 1046.

This standard imposes a very high bar on removing defendants. The Ninth Circuit has repeatedly held that "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (emphasis in original) (citations and quotation marks omitted); *see also Warner v. Select Portfolio Serv.*, 193 F. Supp. 3d 1132, 1137 (C.D. Cal. 2016) (stating that defendants face an "immense burden" in proving fraudulent joinder). To resolve fraudulent joinder claims, the Court may look beyond the pleadings to evidence proffered by the parties. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001).

In this case, Plaintiffs allege against Defendant Lake Elsinore a claim for violation of the implied warranty of merchantability under the Song-Beverly Act. Compl. at ¶¶ 29–33. Thus, the question is whether it is obvious under settled California law that Plaintiffs cannot state an implied warranty claim against Defendant Lake Elsinore. Defendants' only argument for why Plaintiffs cannot state an implied warranty claim against Defendant Lake Elsinore is that the statute of limitations bars Plaintiffs' implied warranty claim. Opp. at 4. However, because it is possible under California law that Plaintiffs could allege tolling of the statute of limitations for his implied warranty claim, the Court concludes that Defendants have not met their heavy burden to show that Plaintiffs' inclusion of Defendant Lake Elsinore constitutes fraudulent joinder.

The statute of limitations for an implied warranty claim is four years from the delivery of the vehicle. Cal. Comm. Code § 2725; *see Mexia v. Rinker Boat Co.*, 174 Cal. App. 4th 1297, 1306 (2009). Plaintiffs alleges that they purchased the Vehicle on February 6, 2013. Compl. at ¶ 8. Thus, Defendants argue that the four-year statute of limitations expired in February 2017, two

5

1  years before Plaintiffs filed their complaint on February 6, 2019. *See* Compl. at 1.

2  However, as Plaintiffs point out and numerous courts have recognized, it is not impossible for Plaintiffs to state a viable implied warranty claim against Defendant Lake Elsinore because tolling may apply. Specifically, this Court observed in *Philips v. Ford Motor Co.*, 2016 WL 1745948 (N.D. Cal. May 3, 2016), that "[s]everal courts have determined that fraudulent concealment tolling applies to claims brought under the Song-Beverly Act." *Id.* at *14 (citing cases in both federal court and California state court). Fraudulent concealment tolling applies where the defendant's conduct "lead[s] a reasonable person to believe that he did not have a claim for relief." *Volk v. D.A. Davidson & Co.*, 816 F.2d 1406, 1415–16 (9th Cir. 1987).

In cases where Defendant Ford raised the same fraudulent joinder arguments as in this case, courts—including this Court—have concluded that because fraudulent concealment tolling *may* apply to implied warranty claims against a dealership defendant, remand was warranted. *See, e.g.*, *Beck v. Ford Motor Co.*, 2019 WL 24152521, at *4 (N.D. Cal. June 9, 2019) (granting motion to remand because the plaintiff could possibly allege tolling of the statute of limitations of his implied warranty of merchantability claim); *Cavale v. Ford Motor Co.*, 2018 WL 3811727, at *3 (E.D. Cal. Aug. 9, 2018) (holding that "it is possible that the statute of limitations on the breach of the implied warranty claim may be tolled under a theory of fraudulent concealment," and remanding case to state court); *Jimenez v. Ford Motor Co.*, 2018 WL 2734848, at *2 (C.D. Cal. June 5, 2018) (noting that "multiple district courts" have recognized that fraudulent concealment tolling can "apply to the statute of limitations for implied warranty of merchantability claims"); *Less v. Ford Motor Co.*, 2018 WL 4444509, at *3 (S.D. Cal. Sept. 18, 2018) ("Even if the allegations concerning tolling are not sufficiently pleaded, Ford has not shown that Plaintiff would be unable to amend his complaint to allege a viable tolling theory.").

Here, although Plaintiffs' complaint does not specify how fraudulent concealment tolling applies in Plaintiffs' case, Plaintiffs contend in their motion to remand that fraudulent concealment tolling applies "because Defendants failed to disclose a material defect to Plaintiffs." Mot. at 8 n.6. Defendants argue that Plaintiffs' complaint "does not allege any facts that give rise to a

6
Case No. 19-CV-01422-LHK
ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

1  fraudulent concealment claim," Opp. at 11, but Defendants misstate the question before the Court.

2  At this stage, the question is not whether Plaintiffs' complaint states a claim against Defendant

3  Lake Elsinore, but only whether there is a "possibility" that Plaintiffs can allege fraudulent

4  concealment tolling and state a claim against Defendant Lake Elsinore. *See Grancare*, 889 F.3d at

5  549 ("A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not

6  necessarily been fraudulently joined."). At this point, the Court cannot conclude that it is

7  impossible for Plaintiff to allege a timely implied warranty claim. Accordingly, the Court

8  concludes that Plaintiffs' inclusion of Defendant Lake Elsinore was not fraudulent joinder and that

9  the Court must remand the case to state for lack of jurisdiction.

10  Alternatively, Defendants ask the Court to sever Defendant Lake Elsinore from the case

11  under Federal Rule of Civil Procedure 21, which provides that a court may *sua sponte* "at any

12  time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Sams v. Beech Aircraft*, 625 F.2d

13  273, 277 (9th Cir. 1980) (holding that Rule 21 "grants a federal district or appellate court the

14  discretionary power to perfect its diversity jurisdiction by dropping a nondiverse party provided

15  the nondiverse party is not indispensable to the action under Rule 19").

16  However, the Court declines to exercise its discretion to sever Defendant Lake Elsinore.

17  Plaintiffs' claims against Defendant Ford and Defendant Lake Elsinore arise from the same series

18  of transactions or occurrences. Plaintiffs bring their implied warranty of merchantability claim

19  against both Defendants. *See* Compl. at ¶¶ 29–33. The claim involves the same Vehicle and same

20  defects as to both Defendants, such that judicial efficiency weighs against severing Defendant

21  Lake Elsinore. Moreover, the Court has already concluded that removal was not warranted

22  because the Court lacks diversity jurisdiction. To sever Defendant Lake Elsinore for the Court to

23  exercise diversity jurisdiction would contradict the Ninth Circuit's instruction that "[t]he removal

24  statute is strictly construed, and any doubt about the right of removal requires resolution in favor

25  of remand." *Moore-Thomas*, 553 F.3d at 1244. Thus, the Court declines to sever Defendant Lake

26  Elsinore under Rule 21.

27  **IV.  CONCLUSION**

28

7

Case No. 19-CV-01422-LHK
ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

For the foregoing reasons, the Court GRANTS Plaintiffs' motion to remand and REMANDS the instant case to California Superior Court for the County of Santa Clara. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: July 11, 2019

*Lucy H. Koh*
LUCY H. KOH
United States District Judge